## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ZULFIQAR ALI, M.D.,

        Plaintiff,

    v.                                   Case No. 13-C-0766

CALUMET MEDICAL CENTER, INC.,
AFFINITY HEALTH SYSTEM and
NETWORK HEALTH SYSTEM d/b/a
AFFINITY MEDICAL GROUP,

        Defendants.

---

### ORDER GRANTING [16] DEFENDANT'S SECOND MOTION TO DISMISS

---

The Plaintiff, Dr. Zulfiqar Ali, filed this action against Defendants after he was terminated from his employment by Network Health System, Inc., d/b/a Affinity Medical Group (AMG). Plaintiff alleges that his termination was racially motivated, and he asserts claims for intentional discrimination under 42 U.S.C. § 1981 and breach of his physician employment agreement. On September 23, 2013, the court issued an order dismissing Plaintiff's claim for retaliation under 42 U.S.C. § 1981 and his state law claims for defamation and invasion of privacy for failure to state a claim. (ECF No. 13.) The court also dismissed Affinity Health System ("Affinity") from the lawsuit because Plaintiff failed to plead particular facts establishing a cause of action against Affinity and did not attempt to rebut Defendants' assertion that Affinity is not a proper party to the lawsuit. (*Id.* at 10.) Plaintiff amended his complaint on October 4, 2013, to include a claim for *respondeat superior* against Affinity. (Am. Compl., ¶¶ 69-70, ECF No. 15.) Plaintiff alleges that because Affinity owns AMG and Calumet Medical Center (CMC), it is liable for the wrongful acts committed by employees of these entities. (*Id.*)

Defendants brought this motion to dismiss Plaintiff's claim for *respondeat superior* for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 15.) Defendants contend that to establish a claim under Section 1981, Plaintiff must allege that Affinity had an employment relationship with Plaintiff or was involved in his termination. *See Nieman v. Nationwide Mut. Ins. Co.*, 706 F. Supp. 2d 897, 909-10 (C.D. Ill. 2010). Plaintiff does not allege that Affinity employed him and concedes that he "has no evidence *today* that Affinity was responsible for the termination of Dr. Ali or that Affinity directed CMC and/or AMG to terminate Dr. Ali." (Pl's Resp. Br. at 2, ECF No. 24.) Plaintiff therefore fails to state a claim against Affinity under Section 1981 or breach of contract, and his claim for *respondeat superior* must be dismissed. Affinity will again be dismissed from the lawsuit without prejudice. If Plaintiff later discovers facts that provide sufficient ground to state a claim against Affinity, he may seek leave of the court to amend the complaint.

**SO ORDERED** this ___14th___ day of November, 2013.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court