UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DR. ZULFIQAR ALI,

      Plaintiff,

v.                                  Case No. 13-CV-766

CALUMET MEDICAL CENTER INC et al.,

      Defendants.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

Plaintiff Dr. Zulfiqar Ali filed this action on July 9, 2013. After several motions to dismiss, the operative complaint is the amended complaint and the remaining claims are intentional discrimination under 42 U.S.C. § 1981 and breach of contract against Plaintiff's former employer, Defendant Network Health System, Inc. d/b/a Affinity Medical Group, and the hospital where Plaintiff used to treat patients, Defendant Calumet Medical Center Inc. The case has languished since it was scheduled in July 2014 and the matter comes before the court on the defendants' motion to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. For the reasons below, the motion will be granted.

Plaintiff's attorney moved to withdraw as counsel on April 29, 2014. After a hearing, the court granted the motion and granted Plaintiff 60 days leave to retain a new attorney. Plaintiff was unable to do so and the matter was scheduled on July 18, 2014. The court set a deadline for Plaintiff's expert witness disclosure on October 1, 2014 and a deadline for all discovery on March 30, 2015. In the motion hearing during which this case was scheduled, the court explained to Plaintiff that he needed to submit to depositions and that the failure to do so could result in dismissal

of the case. The court also warned that the failure to comply with the Federal Rules of Civil Procedure or the failure to prosecute the case could result in dismissal. The court further advised that Plaintiff's lack of an attorney would not constitute grounds for not submitting to a deposition or complying with the rules. (Hearing Tr. 40–41, ECF No. 53.)

On September 29, 2014, Plaintiff moved for an extension of time to disclose expert witnesses. Plaintiff stated that he had been "financially and emotionally destroyed to the limits" and had no financial resources with which to retain an expert witness. The court denied the motion because Plaintiff provided no hope that he would be able to hire an expert in the near future. Plaintiff had stated that his family in Pakistan had been trying to sell property to finance his case, but the court declined to grant Plaintiff's indefinite extension and explained that the defendants are entitled to have the charges against them resolved. The court explained that charges of discrimination based on race and nationality, like Plaintiff's, are "considered despicable, and even bare allegations of such conduct can damage a person's reputation." (ECF No. 56 at 2.) The court concluded: "To have Dr. Ali's accusations remain unresolved for more than a year with no end in sight is unfair to the defendants." (*Id.*) The court also denied Plaintiff's request to recruit counsel for him, noting that he is far better educated and thus more able to handle his case than most pro se litigants.

Defendants served Plaintiff with a notice of deposition by mail on February 18, 2015 and by e-mail on February 19, 2015. The notice sought Plaintiff's attendance at a deposition on March 3, 2015. The notice was sent to Plaintiff's residence and preferred email address. Plaintiff responded by mailing a letter to counsel for Defendants on February 25, 2015 stating that he was "unavailable for deposition." Plaintiff also filed a letter with the court dated February 25, 2015 in which he stated he was unable to "get justice before this court" because, among other things, the court record had

2

been "grossly tampered with." Plaintiff's letter requested that the action be "held in abeyance" until March 30, 2015 so that Plaintiff could have time to consider how to proceed, including whether to file a motion for a change of venue. (ECF No. 61.)

On March 2, 2015, Defendants filed the instant motion to dismiss for failure to prosecute. The court directed Plaintiff to respond to the motion by March 23, 2015. The court subsequently granted Plaintiff's request for a one-week extension to respond to the motion to dismiss. In his response, Plaintiff fails to provide any legitimate reason he was unavailable for a deposition. Plaintiff instead states that the notice of deposition had "no legal value" because it was not accompanied by a subpoena, it was electronically signed, and it was not accompanied by a check for his expenses to appear. Each of Plaintiff's objections to the notice is baseless, of course. Plaintiff is a party to this case and a subpoena is not required to compel him to attend a deposition. *See* Fed.R.Civ.P. 30(a). Plaintiff agreed to electronic service in this case and in any event an electronically signed discovery request is not null and void, as Plaintiff maintains. With respect to reimbursement for his expenses, Plaintiff is not entitled to reimbursement absent circumstances that do not exist here, such as where the party to be deposed shows up for a deposition but the noticing party does not. Fed.R.Civ.P. 30(g).

Rule 41(b) codifies a district court's inherent power to involuntarily dismiss a case because of the plaintiff's failure to prosecute. It "is intended as a safeguard against delay in litigation and harassment of a defendant." 9 CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. § 2370, at 642 (3d 2008); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Rule 41(b) provides: "If the plaintiff fails

3

to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . . ." In addition, Rule 37(d) provides for sanctions, including dismissal, where a party fails to appear for his deposition. That rule further provides that such a failure to appear "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed.R.Civ.P. 37(d)(2).

Here, Plaintiff has not only failed to engage in discovery of his own, he has thwarted the defendants' efforts to conduct discovery and defend against his claims. His refusal to sit for a deposition without providing any legitimate objection warrants a sanction under Rule 37(d), and his unwillingness to move this case forward is exactly the sort of dilatory conduct that Rule 41(b) is designed to guard against.

The Seventh Circuit has listed several factors district courts should consider before dismissing a case under Rule 41(b):

> 1) whether the wrongdoer (or her counsel) received "due warning" that such a sanction was a possibility; 2) the frequency and magnitude of the wrongdoer's failure to comply with deadlines and other court orders; 3) the efficacy of less severe sanctions; 4) whether the misconduct prejudiced the other party or other litigants on the court's docket; 5) the likely merits of the wrongdoer's case.

*Graham v. Schomaker*, No. 99-1564, 2000 WL 717093 at *4 (7th Cir. May 31, 2000) (unpublished) (citing *Ball v. City of Chicago*, 2 F.3d 752, 755–58 (7th Cir. 1993)). Each factor favors dismissal here. Plaintiff has been explicitly and repeatedly warned. His refusal to sit for a deposition is inexcusable, as explained above. Less severe sanctions would be ineffective because Plaintiff appears to lack the ability to pay any monetary award. Additionally, as this court has explained in the past, Plaintiff's dilatory conduct is especially prejudicial to the defendants given the nature of the claims

4

against them. Finally, it is reasonable to infer that Plaintiff's claims are not meritorious, given not only his inability to retain counsel, but more importantly, his apparent lack of interest in engaging in discovery and moving this case forward.

Accordingly, for all of these reasons, the defendants' motion to dismiss Plaintiff's claims under Rule 41(b) for failure to prosecute is granted and this case is hereby dismissed with prejudice and with costs. The Clerk is directed to enter judgment forthwith.

Dated this  7th  day of April, 2015.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court